**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MARCELLUS FRENCH, M21081,**
**ALLEN FORD, Y24630,**
**CHAPPEL CRAIGEN, M25917,**

**Plaintiffs,**

**vs.**

**ANTHONY WILLS,**
**SAMUEL STERRETT,**

**Defendants.**

**Case No. 24-cv-1462-DWD**

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Complaint filed jointly by Marcellus French, Allen Ford, and Chappel Craigen, all inmates of the Illinois Department of Corrections (IDOC) who reside at Menard Correctional Center (Menard). The Plaintiffs have been allowed to proceed on three claims concerning their ability to observe their religion by attending regular Taleem and Jumu-ah services at the prison.

On July 16, 2024, the Court entered a *Boriboune*[1] Order (Doc. 24) to inform Plaintiffs of the risks and benefits of proceeding together with group litigation. Each Plaintiff was required to advise the Court in writing on or before August 5, 2024, whether he wanted to continue as a plaintiff in this group action. (*Id.*). Plaintiffs Ford and Craigen were also informed of the need to sign the Complaint, and they were mailed copies of the

---

[1] *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004) (instructing district courts to warn individuals involved in multi-plaintiff litigation of the pros and cons of proceeding together in a single action and allow them an early opportunity to opt out of group litigation).

Complaint so that they could easily review it and returned a signed pleading. Craigen and Ford complied with the requirements to proceed jointly, and the Court reviewed the substance of the pleading under 28 U.S.C. § 1915A, and designated three claims to proceed. The claims are:

**Claim 1:** **First Amendment claim related to the denial of Jumu'ah and/or Taleem services against Defendants Sterrett and Wills in their individual capacities (or against Defendant Wills in his official capacity for any injunctive relief sought);**

**Claim 2:** **RLUIPA claim related to the denial of Jumu'ah and/or Taleem services against Defendant Wills in his official capacity;**

**Claim 3:** **Equal Protection claim related to the denial of Jumu'ah and/or Taleem services for inmates in the East cellhouse against Defendants Sterrett and Wills.**

(Doc. 40). After service was accomplished and Defendants indicated an intention to raise the affirmative defense of failure to exhaust administrative remedies, the Court set a schedule for the parties to exchange initial disclosures and to pursue the affirmative defense. (Doc. 60). In the interim, Plaintiff Marcellus French filed a Motion for a preliminary injunction (Doc. 67), and the Court directed a response. Defendants have now responded (Doc. 83), and they have begun to file motions for summary judgment on the issue of exhaustion (Doc. 82). In light of the recent developments, the Court now finds it most efficient to sever the plaintiffs into separate lawsuits.

Upon receipt of this case, the Court immediately warned the co-plaintiffs of the challenges and risks of proceeding jointly in litigation as unrepresented individuals. Although all three plaintiffs affirmatively responded that they would like to proceed

jointly, the Court now finds it impracticable for them to proceed jointly for a few reasons. Although the Plaintiffs in this case satisfy the requirements for permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure, the Court has the discretion to sever a party at any time. *See* FED. R. CIV. P. 21. The Seventh Circuit has stated,

> "[T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted).

It is clear from the motion for a preliminary injunction filed by just one Plaintiff, as well as the individual motions for summary judgment that have been/will be filed by Defendants that allowing three plaintiffs to proceed jointly in this case will only create unnecessary "prejudice, expense or delay[.]" *Id.* (quoting CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652 at 396 (2001)). Plaintiff French has filed a motion for preliminary injunctive relief that speaks only to his own individual circumstances. A response has been filed, and it appears necessary to set the motion for a hearing. Holding a hearing for just one of the three plaintiffs when all three are incarcerated is logistically difficult, and it makes the handling of the case for Plaintiff French different than the handling for Craigen and Ford. Additionally, the Court anticipated when allowing the Plaintiffs to proceed jointly that perhaps defense counsel would file a single motion on the exhaustion of administrative remedies, but it is now clear that counsel will actually file three individual motions—each one tailored to the

exhaustion specifics of a single plaintiff. This will in turn require each Plaintiff to tender his own individual response. Given these circumstances, the need of each plaintiff in this case has now become distinct and it is impracticable for them to proceed jointly. Therefore, the Court will exercise its discretion to sever each plaintiff into a separate case.

**Disposition**

**IT IS HEREBY ORDERED THAT** the Clerk of Court shall create two new lawsuits as follows:

**Case 1: Marcellus French v. Anthony Wills, et al.**

- The defendants shall be: Anthony Wills and Samuel Sterrett
- The Clerk of Court is **DIRECTED** to docket in the new case: this Memorandum and Order; the Complaint (Doc. 1); French's Motion to Proceed IFP (Doc. 6); the Order for Service of Process (Doc. 40); the Scheduling Order (Doc. 60); French's Motion for a Preliminary Injunction (Doc. 67); July 7, 2025 text order (docket entry 72); French's Motion (Doc. 75); July 29, 2025 text order (docket entry 80); July 29, 2025 text order (docket entry 81); Defendants' response (Doc. 83); and Defendants' Motion (Doc. 84).

**Case 2: Allen Ford v. Anthony Wills, et al.**

- The defendants shall be: Anthony Wills and Samuel Sterrett
- The Clerk of Court is **DIRECTED** to docket in the new case: this Memorandum and Order; the Complaint (Doc. 1); Ford's Motion for IFP (Doc. 5); Ford's Trust Fund Statement (Doc. 43); the Order for Service of

Process (Doc. 40); the Scheduling Order (Doc. 60); Ford's Affidavit (Doc. 63); the July 29, 2025 text order (docket entry 81).

The Clerk shall then **TERMINATE** Plaintiffs Marcellus French and Allen Ford from this action, and it shall administratively **TERMINATE** Defendant French's pending Motion (Docs. 67). French's Motion shall remain pending in his newly severed case.

Plaintiff Chappel Craigen shall proceed in the above-captioned matter, and he shall respond to the Defendants' pending Motion for Summary Judgment (Doc. 82) **within 30 days of this Order**. The Court will issue a separate notice advising him about his obligation to respond.

**IT IS SO ORDERED.**

Dated: August 15, 2025

/s *David W. Dugan*

DAVID W. DUGAN
United States District Judge